UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| Duhjuan L. Miller,<br><br>               Plaintiff,<br><br>   v.<br><br>Cox Communications, *et al.*,<br><br>               Defendants. | Case No. 2:23-CV-00587-RFB-BNW<br><br>**ORDER** |

Before the Court is Plaintiff's Amended Complaint. ECF No. 10. This Court previously dismissed Plaintiff's complaint without prejudice based on a lack of factual allegations. ECF No. 3. The Court has reviewed the Amended Complaint and finds that it is still deficient because Plaintiff has not alleged facts as to each element of his claim. Finding that the deficiencies of the complaint may be cured by amendment, the Court orders the Amended Complaint be dismissed without prejudice. Plaintiff will have 30 days to file a second amended complaint.

**I. Screening the Complaint**

    **A. Legal Standard**

Upon granting a request to proceed in *forma pauperis*, a court must screen the complaint under 28 U.S.C. § 1915(e)(2). When screening the complaint, a court must identify cognizable claims and dismiss claims that are frivolous, malicious, fail to state a claim upon which relief may

be granted, or seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). The grounds for dismissal due to failure to state a claim under 28 U.S.C. § 1915(e)(2) mirror the standards set forth in Federal Rule of Civil Procedure 12(b)(6). *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012). To survive § 1915 review, a complaint must allege sufficient factual details that, accepted as true, present a plausible claim for relief. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). When assessing whether the complaint is sufficient to state a claim, all allegations of material fact are taken as true and construed in the light most favorable to the plaintiff. *Wyler Summit P'ship v. Turner Broad. Sys. Inc.*, 135 F.3d 658, 661 (9th Cir. 1998) (citation omitted). Although the standard under Rule 12(b)(6) does not require detailed factual allegations, a plaintiff must provide more than mere labels and conclusions. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Simply reciting the elements of a cause of action is insufficient to sustain a claim. *Id.* The court liberally construes pro se complaints and may only dismiss them if it is "absolutely clear that the deficiencies of the complaint could not be cured by amendment." *Broughton v. Cutter Laboratories*, 622 F.2d 458, 460, (9th Cir. 1980); *see also Iqbal*, 556 U.S. at 678.

**II. Analysis**

In its last order, this Court explained that Plaintiff's complaint was essentially void of factual allegations. ECF No. 3. The Court explained that any future amended complaint must contain a short and plain statement describing the underlying case and the defendants' involvement in the case. *Id.*

To establish a prima facie case of breach of contract, a plaintiff must prove (1) existence of the contract, (2) defendant's breach, and (3) the damages that resulted. *Saini v. Int'l Game Tech.*, 434 F. Supp. 2d 913, 920 (D. Nev. 2006) (citation omitted).

Plaintiff's Amended Complaint reads very much like his previous complaint in that it too is essentially void of any factual allegations. In its entirety, Plaintiff's complaint at ECF No. 10 reads:

> Breach of contract under Fiduciary duties: Letter of Instructions accepting: all rights, titles, interest, equity for principal have been sent to CFO of Cox January 2023-Current. They were to inform CFO all credits/balances are to be applied to principals account for set-off. With those instructions a: copy of the bill, 1040v, birth certificate was sent to show on record there is an endorser/Agent for principal and that original bill has been sent to billing center. CFO has not corrected the account which is causing an encumbrance.

Plaintiff has not alleged facts to support any element of a claim for breach of contract. Accordingly, Plaintiff fails to state a claim upon which relief can be granted. Plaintiff will be given one last chance to cure the deficiencies in his complaint.

### III. Amendment

If Plaintiff chooses to amend, he must read this Order carefully and allege sufficient facts to show that the elements of his claim are met. Additionally, Plaintiff is advised that if he files a second amended complaint, this amended complaint (ECF No. 10) will no longer serve any function in this case. The second amended complaint must be complete in and of itself without reference to prior pleadings or to other documents.

### IV. Conclusion

**IT IS THEREFORE ORDERED** that Plaintiff's Amended Complaint at ECF No. 10 is **Dismissed without prejudice**.

**IT IS FURTHER ORDERED** that if Plaintiff wishes to file a second amended complaint in this case, he must do so by August 10, 2023.

DATED: July 10, 2023

_____
BRENDA WEKSLER
UNITED STATES MAGISTRATE JUDGE