**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

\* \* \*

| | |
|---|---|
| Duhjuan L Miller,<br><br>           Plaintiff,<br><br>     v.<br><br>Cox Communications, *et al.*,<br><br>           Defendants. | Case No. 2:23-cv-00587-RFB-BNW<br><br>**Report and Recommendation** |

Presently before the Court is Plaintiff's Motion to Amend his Complaint. ECF No. 16. This Court previously granted Plaintiff the ability to file an amended complaint. ECF No. 13. As a result, the motion is denied as moot.

### I.     Screening the Complaint

Upon granting a request to proceed *in forma pauperis*, a court must screen the complaint under 28 U.S.C. § 1915(e)(2).  In screening the complaint, a court must identify cognizable claims and dismiss claims that are frivolous, malicious, file to state a claim on which relief may be granted, or seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915(e)(2).  Dismissal for failure to state a claim under § 1915(e)(2) incorporates the standard for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6).  *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012).  To survive § 1915 review, a complaint must "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face."  *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  The court liberally construes pro se complaints and may only dismiss them "if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Nordstrom v. Ryan*, 762 F.3d 903, 908 (9th Cir. 2014) (quoting *Iqbal*, 556 U.S. at 678).

In considering whether the complaint is sufficient to state a claim, all allegations of material fact are taken as true and construed in the light most favorable to the plaintiff. *Wyler Summit P'ship v. Turner Broad. Sys. Inc.*, 135 F.3d 658, 661 (9th Cir. 1998) (citation omitted). Although the standard under Rule 12(b)(6) does not require detailed factual allegations, a

plaintiff must provide more than mere labels and conclusions. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A formulaic recitation of the elements of a cause of action is insufficient. *Id.* Unless it is clear the complaint's deficiencies could not be cured through amendment, a *pro se* plaintiff should be given leave to amend the complaint with notice regarding the complaint's deficiencies. *Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

This Court previously dismissed Plaintiff's complaint and the First Amended Complaint without prejudice based on a lack of factual allegations. ECF Nos. 3 and 13. The Court has reviewed the Second Amended Complaint and finds that it is still deficient. This is the sum total of Plaintiff's allegations: "Defendants are withholding interest and not allowing I Miller, Duhjuan Surety and title holder to claims all: rights, titles, interest and equity for the Estate/Principal DUHJUAN LAMAR MILLER." This version of his complaint is even more deficient than the previous one. See ECF Nos.10.

Plaintiff has been provided two other chances to amend his complaint consistent with the Court's orders. Plaintiff does not appear interested in following the Court's directives regarding the factual allegations that need to be made for this complaint to survive screening. As a result, this Court recommends that the case be dismissed.

**NOTICE**

This Report and Recommendation is submitted to the United States District Judge assigned to this case under 28 U.S.C. § 636(b)(1). A party who objects to this Report and Recommendation may file a written objection supported by points and authorities within 14 days of being served with it. Local Rule IB 3-2(a). Failure to file a timely objection may waive the right to appeal the District Court's order. *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991).

DATED: August 11, 2023

_____
BRENDA WEKSLER
UNITED STATES MAGISTRATE JUDGE