UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| DUHJUAN L. MILLER,<br><br>    Plaintiff,<br><br>    v.<br><br>COX COMMUNICATIONS, et al.,<br><br>    Defendants. | Case No. 2:23-cv-00587-RFB-BNW<br><br>**ORDER** |

    Before the Court for consideration is the Report and Recommendation (ECF No. 17) of the Honorable Brenda N. Weksler, United States Magistrate Judge, entered on August 11, 2023. A district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." 28 U.S.C. § 636(b)(1). A party may file specific written objections to the findings and recommendations of a magistrate judge. 28 U.S.C. § 636(b)(1); Local Rule IB 3-2(a). When written objections have been filed, the district court is required to "make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1); see also Local Rule IB 3-2(b). Pursuant to Local Rule IB 3-2(a), objections were due by August 25, 2023. Plaintiff Miller filed an Objection on August 15, 2023. ECF No. 18.

    The Magistrate Judge's Report and Recommendation recommends the case be dismissed. The Magistrate Judge previously dismissed Plaintiff's complaint and the First Amended Complaint without prejudice based on a lack of factual allegations. The Magistrate Judge reviewed Plaintiff's Second Amended Complaint and found it even more deficient than the previous one because it included just one sentence "Defendants are withholding interest and not allowing I

Miller, Duhjuan Surety and title holder to claims all: rights, titles, interest and equity for the Estate/Principal DUHJUAN LAMAR MILLER."

The Court has conducted a de novo review of the Report and Recommendation and concurs with the Magistrate Judge's findings, reasoning, and recommendation.

Upon granting a request to proceed *in forma pauperis*, a court must screen the complaint under 28 U.S.C. § 1915(e)(2). In screening the complaint, a court must identify cognizable claims and dismiss claims that are frivolous, malicious, fail to state a claim on which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). Dismissal for failure to state a claim under § 1915(e)(2) incorporates the standard for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). Watison v. Carter, 668 F.3d 1108, 1112 (9th Cir. 2012). To survive § 1915 review, a complaint must "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). The court liberally construes pro se complaints and may only dismiss them "if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Nordstrom v. Ryan, 762 F.3d 903, 908 (9th Cir. 2014) (quoting Iqbal, 556 U.S. at 678).

In considering whether the complaint is sufficient to state a claim, all allegations of material fact are taken as true and construed in the light most favorable to the plaintiff. Wyler Summit P'ship v. Turner Broad. Sys. Inc., 135 F.3d 658, 661 (9th Cir. 1998) (citation omitted). Although the standard under Rule 12(b)(6) does not require detailed factual allegations, a plaintiff must provide more than mere labels and conclusions. Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). A formulaic recitation of the elements of a cause of action is insufficient. Id. Unless it is clear the complaint's deficiencies could not be cured through amendment, a pro se plaintiff should be given leave to amend the complaint with notice regarding the complaint's deficiencies. Cato v. United States, 70 F.3d 1103, 1106 (9th Cir. 1995).

The Court agrees with the Magistrate Judge's findings and reasoning and finds that Plaintiff's complaint and each of its subsequent amendments have failed to state a claim upon which relief may be granted because they are "essentially void of factual allegations." ECF No.

13. Although Plaintiff has been given two opportunities to amend the complaint, Plaintiff continues to fail to follow the Court's multiple orders regarding the factual allegations that must be made to survive screening. In Plaintiff's objection, Plaintiff conclusory states "Defendants are not applying the credits to the secured account in their files . . . and are continuing misrepresentation, forcing duress payments, and withholding interest." The Court finds that Plaintiff's objection does not provide any additional factual matter, which would permit the Court to discern a plausible claim for relief. Accordingly, the Court accepts and adopts the Magistrate Judge's recommendations in full and dismisses this case without prejudice.

**IT IS THEREFORE ORDERED** that the Report and Recommendation (ECF No. 17) is **ACCEPTED** and **ADOPTED in full.**

**IT IS FURTHER ORDERED** that this case is **DISMISSED** without prejudice. The Clerk of Court is instructed to close this matter accordingly.

**DATED:** April 22, 2024.



_____
**RICHARD F. BOULWARE, II**
**UNITED STATES DISTRICT JUDGE**